**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4242
_____

TONY LEE MUTSCHLER,
                              Appellant

v.

SCI ALBION CHCA HEALTH CARE;
RN. MS. SANDY MALENA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 09-cv-00265)
Magistrate Judge:  Honorable Susan Paradise Baxter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 26, 2011

Before:  JORDAN, GARTH and BARRY, Circuit Judges

(Opinion filed: September 27, 2011)
_____

OPINION
_____

PER CURIAM

        Tony Lee Mutschler, proceeding pro se, appeals from the District Court's order

granting defendants' motion to dismiss.  For the reasons that follow, we will affirm in

part, vacate in part, and remand to the District Court for further proceedings.

I.    Background

Mutschler, a prisoner at State Correctional Institution ("SCI") Albion, filed a civil rights complaint against Sandy Malena, a registered nurse at SCI Albion, and Maxine Overton, Chief Healthcare Administrator.  He alleged that defendants issued, or allowed the issuance of a latex catheter, which defendants knew he was allergic to, and knew had previously caused him pain and suffering.

Mutschler alleged that he informed the medical department of his latex allergy when he arrived at SCI Albion and that his allergy was documented in his prison medical file.  In October 2008, however, Malena issued him a catheter containing latex.  He used the catheter overnight, which allegedly caused pain and blisters on his penis[1] that resulted in scarring, erectile problems, undue stress, and depression about his sex life.  Mutschler filed a grievance and informed Overton about the incident.  Overton informed Mutschler that it would not happen again.

In March 2009, Malena again issued Mutschler a catheter containing latex, which he used and experienced a burning sensation.  He removed the catheter and did not require medical attention.  In April 2009, another nurse issued him a catheter containing latex.  Mutschler did not use the catheter when he realized the product contained latex

---

[1] Mutschler's grievance indicates that it took 60 days for the blisters to clear, including treatment with Miconazole, an antifungal agent, for 30 days.

2

after reading the fine print on the packaging.[2]

Mutschler filed a civil rights action against Malena and Overton, alleging violations of his rights under the Fifth, Eighth, and Fourteenth Amendments, and Title II of the Americans with Disabilities Act ("ADA"). Defendants filed a motion to dismiss, which was granted.[3] Mutschler then filed a timely appeal.

II.     Jurisdiction and Standard of Review

We have appellate jurisdiction under 28 U.S.C. § 1291. Our review of a District Court's order granting a motion to dismiss for failure to state a claim is plenary. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). To survive a motion to dismiss, a complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). We may affirm the District Court for any reason supported by the record. United States v. Agnew, 407 F.3d 193, 196 (3d Cir. 2005)

III.    Discussion

The District Court properly dismissed Mutschler's claims under the Fifth and Fourteenth Amendments, and ADA for failure to state a claim. However, the District

---

[2] Mutschler filed a grievance each time he was given a latex catheter. Overton considered his first grievance resolved because Mutschler filed the grievance to prevent the mistake from occurring again. His subsequent grievances were rejected as previously reviewed and addressed.

[3] Mutschler then filed a Rule 59(e) motion, which was denied.

3

Court erred in dismissing Mutschler's Eighth Amendment claim because his complaint alleges facts that support a plausible claim of deliberate indifferent to his serious medical needs.

A.     Eighth Amendment Claim

The District Court concluded that Mutschler failed to allege facts that defendants were deliberately indifferent to his medical needs.[4]  The District Court reasoned that the alleged facts would establish only that defendants acted negligently because Mutschler did not claim that defendants deliberately exposed him to latex.  We disagree.

For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate (1) that defendants were deliberately indifferent to his medical needs, and (2) that those needs were serious.  Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety."  Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Mere medical malpractice does not constitute deliberate indifference.  Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004).  Deference is given to prison medical authorities in the diagnosis and treatment of patients.  Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979).

---

[4] It is undisputed that Mutschler's complaint adequately alleges that his latex allergy is serious, as his penis allegedly suffered pain, blisters, and scarring.

Unless there is a reason to believe (or actual knowledge) that medical personnel are mistreating or failing to treat the prisoner, a non-medical prison official, such as an administrator, generally "will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." See Spruill, 372 F.3d at 236.

An Eighth Amendment claim does not require that the defendants acted intentionally to inflict pain. "[I]t is enough that the [prison] official acted or failed to act despite [her] knowledge of a substantial risk of serious harm." Farmer, 511 U.S. at 842; see Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (denial of medical treatment that exposes inmate to "the threat of tangible residual injury" constitutes deliberate indifference) (internal citations omitted). We have found deliberate indifference when a "prison official persists in a particular course of treatment 'in the face of resultant pain and risk of permanent injury.[5]'" Rouse, 182 F.3d at 197 (quoting White v. Napoleon, 897 F.2d 103, 109-11 (3d Cir. 1990)).

Mutschler's allegations against defendants may entitle Mutschler to relief. Based on the pleadings, it is plausible that Malena knew of Mutschler's latex allergy based on his medical file and the 2008 incident, and that Malena persisted on issuing him a catheter she knew he was allergic to and knew had previously caused him pain, blistering, and scarring on his penis. Additionally, Overton knew of Mutschler's allergy and its

---

[5] The Supreme Court has noted that deliberate indifference has been found where a physician injected a prisoner with a medication that he had knew the prisoner was allergic to, and refused to treat the allergic reaction. Estelle, 429 U.S. at 104 n.10 (citing Thomas v. Pate, 493 F.2d 151, 158 (7th Cir. 1974)).

resultant pain and risk of permanent injury.  Thus, the pleadings plausibly suggest that Overton allowed the issuance of a latex catheter despite this knowledge.  Mutschler, therefore, made the bare showing to survive a motion to dismiss.  See Napoleon, 897 F.2d at 109.

B.      Fifth Amendment Claim

Mutschler's District Court pleadings do not explain the basis of his Fifth Amendment claim.  The District Court dismissed the claim on the basis that the provisions of the Fifth Amendment were not implicated by Mutschler's complaint and defendants are not federal actors.  See Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001) (a cognizable Fifth Amendment claim requires defendants to be federal actors).

Mutschler explains his "Fifth Amendment" claim on appeal.  He claims that due to his October 2008 latex reaction, he has erectile dysfunction and therefore defendants have deprived him of his liberty interest in procreation.  Because defendants are state actors, this claim alleges a Fourteenth Amendment violation.  Nevertheless, it fails to state a claim.  Although the Supreme Court has recognized a right to reproductive freedom, see generally Planned Parenthood of Se. Pa. v. Casey, 505 U.S. 833, 875-98 (1992), no court has extended the Fourteenth Amendment to encompass allegations such as these.  We decline to do so now.

C.      Fourteenth Amendment Claim

Mutschler alleged a violation of the Equal Protection Clause of the Fourteenth

Amendment. His complaint, however, did not provide a basis of this claim. On appeal, Mutschler explains his claim, asserting that those with higher intelligence than he were treated more kindly than he and others without higher intelligence. Nevertheless, he does not support this conclusory allegation with any facts. Therefore, this claim was properly dismissed. See Iqbal, 129 S. Ct. at 1949 (mere conclusory statements do not state a cause of action).

    D.    <u>ADA Claim</u>

Mutschler's claim that defendants violated Title II of the ADA was properly dismissed. To establish a violation of Title II of the ADA, an inmate must allege that: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. See 42 U.S.C. § 12132. Mutschler's complaint merely asserts that he is a qualified individual with a disability because of his mental and medical impairments and that defendants violated Title II of the ADA. Mutschler failed to allege any facts that demonstrate that the alleged improper medical care he received was because of his disability. Therefore, his ADA claim was properly dismissed.[6] See Iqbal, 129 S. Ct. at 1949.

For the foregoing reasons, we will affirm the District Court's order to the extent

---

[6] The District Court dismissed Mutschler's ADA claim because it determined that individuals are not liable under Title II of the ADA. This Court has yet to address individual liability under Title II of the ADA, and we decline to do so now, as we have concluded that Mutschler's ADA claim fails for other reasons.

that it dismissed Mutschler's claims under the Fifth Amendment, Fourteenth Amendment, and ADA. We will vacate the order to the extent that it dismissed the Eighth Amendment claims, and we will remand to the District Court for further proceedings consistent with this opinion.

GARTH, Circuit Judge, dissenting.

I cannot agree with the majority that the complaint meets our established standard

of standard of "deliberate indifference." As the opinion of the Magistrate Judge recites,

Mutschler

> ". . . does not allege that Defendant Malena deliberately
> exposed him to latex on the two occasions at issue, and
> his only specific allegation regarding Defendant Overton
> is that she assured him after the first time he was exposed
> to latex that it would not happen again. His allegations
> against each defendant sound in negligence and do not rise
> to an Eighth Amendment violation. Plaintiff does state in
> his Amended Complaint that one of the defendants (he
> could be referring to either Malena or Overton) 'was
> reckless and indifferent with her patient care and [his]
> special medical need[.]' [ECF No. 18 at p. 1]. This rote
> allegation - which he made in his Amended Complaint in
> response to Defendants' contention that he was making a
> claim of negligence only - does not save his Eighth
> Amendment claim from dismissal."

I would affirm the judgment dismissing the plaintiff's amended complaint,

as I cannot conclude that he has alleged a constitutional violation.

1