DLD-168                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3930
_____

TONY LEE MUTSCHLER,
Appellant

v.

SCI ALBION CHCA HEALTH CARE; RN. MS. SANDY MALENA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1:09-cv-00265)
Magistrate Judge:  Honorable Susan Paradise Baxter
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 21, 2013
Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed:  April 1, 2013)
_____

OPINION
_____

PER CURIAM

When this case was last before us, we vacated in part a District Court order

dismissing Mutschler's pro se prisoner-civil-rights complaint, remanding for further

consideration of his Eighth Amendment deliberate indifference claim.  See Mutschler v.

SCI Albion CHCA Health Care, 445 F. App'x 617, 621 (3d Cir. 2011).[1] Mutschler now appeals a District Court order granting summary judgment in favor of the defendants. We have jurisdiction under 28 U.S.C. § 1291 to exercise plenary review of the order, using the same standard employed by the District Court. Petruzzi's IGA Supermarkets v. Darling-Del. Co., 998 F.2d 1224, 1230 (3d Cir. 1993).

We have carefully reviewed the record compiled below, including the parties' evidentiary submissions, and do not doubt that Mutschler experienced pain and discomfort. Nevertheless, no evidence supports Mutschler's contention that he suffered because the defendants knew of and consciously disregarded a significant risk to his health and safety. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). As Mutschler himself concedes, the first incident, from which he sustained the majority of his injuries, was accidental.[2] Mere negligence and medical malpractice do not rise to the level of an Eighth Amendment violation. White v. Napoleon, 897 F.2d 103, 108–09 (3d Cir. 1990). Mutschler nevertheless contends that the two subsequent episodes suffice to show that Malena acted with the required state of mind, but 1) Malena was not involved in the third incident, and 2) Mutschler presented nothing that would tend to show that Malena was actually aware of the initial allergic reaction. Mutschler did submit a grievance, but did not mention Malena in any of his submissions to prison authorities, and Malena claims

[1] For the sake of brevity, and because we write primarily for the parties, we incorporate by reference the factual discussion contained in our earlier opinion.

[2] We acknowledge the dispute over Nurse Malena's involvement in the first incident, but we assume for the purposes of analysis, as the District Court did, that Malena was involved.

2

that she was never informed (until the commencement of suit) that Mutschler was either given a latex catheter or was possibly injured by it. We conclude that the lack of scienter is not in dispute; hence, Mutschler cannot prevail against Malena, because "the record taken as a whole could not lead a rational trier of fact to find for" him.[3] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The claim against Overton fails because Mutschler has not adduced facts that would show her personal involvement in any constitutional violation. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).[4]

Mutschler explains that he suffers from a wide range of disabilities and is forced to rely on the defendants for his care. In light of this dependence, allegations of negligence, especially in relation to something as serious as an often-severe medical allergy, are cause for concern. But, for the reasons discussed above, we agree with the District Court that Mutschler failed to show "deliberate indifference." See Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (explaining that "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference"). Finding

---

[3] Mutschler did submit numerous affidavits, from himself and other prisoners, attesting that Malena has a brusque and imperious demeanor. Even if her character is genuinely disputed, see Fed. R. Civ. P. 56(a), it is not a "material" fact because it could not change the outcome of the litigation. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). While a defendant's attitude can be relevant to suggesting his or her state of mind, accusations relating to a bad bedside manner are not themselves sufficient to support deliberate indifference in this case.

[4] The caption lists "SCI ALBION CHCA HEALTH CARE" as a defendant and does not include Overton, but the suit below proceeded against the two individuals and not the entity; we take the same approach here.

no substantial question presented by this appeal, we will summarily affirm the District Court's judgment.  See Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6.[5]  Mutschler's motion for appointment of counsel is denied.

---

[5] Because we will affirm on the merits, we need not reach the question of default under the Prison Litigation Reform Act.  See Tunstall v. Office of Judicial Support of Ct. Com. Pl., 820 F.2d 631, 633 (3d Cir. 1987) ("We may affirm the district court on any basis that finds support in the record.").