**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-6212

JASON W. KING,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA, et. al.; FEDERAL BUREAU OF
PRISONS, et. al.; MICHAEL B. MUKASEY, et. al.; MONTY
CHRISTY, Correctional Counselor; MICHAEL MIDGLEY,
Correctional Counselor; SAUCUE MA' AT, Unit Manager; ERIC
BROOKS, Case Manager; SUE ENGLES, Associate Warden of
Programs; T.R. CRAIG, Warden; DR. DAVID AIAKMAN, Dentist;
DR. S. HUGHES, DDS/CDO; HATTIE SMALLS, Assistant Warden; DR.
MCDANIELS, Psychologist; F.C.I. BECKLEY, All being sued in
their individual and Official capacity,

Defendants - Appellees.

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley. Irene C. Berger,
District Judge. (5:09-cv-00068)

Argued: May 14, 2013                    Decided: July 31, 2013

Before WILKINSON, GREGORY, and KEENAN, Circuit Judges.

Affirmed by unpublished opinion. Judge Keenan wrote the
majority opinion, in which Judge Wilkinson joined. Judge
Gregory wrote a dissenting opinion.

**ARGUED:** Stephanie D. Taylor, JONES DAY, Pittsburgh,
Pennsylvania, for Appellant. John Fulton Gianola, OFFICE OF THE

UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellees. **ON BRIEF**: Lawrence D. Rosenberg, JONES DAY, Washington, D.C., for Appellant. R. Booth Goodwin II, United States Attorney, Stephen M. Horn, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

BARBARA MILANO KEENAN, Circuit Judge:

Jason King brings this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),[1] claiming that staff members at F.C.I. Beckley, the Federal Bureau of Prisons (BOP) institution in West Virginia where King was then incarcerated, violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs. Following the recommendation of a magistrate judge, the district court dismissed King's complaint under 28 U.S.C. § 1915A for failure to state a claim. Upon our review, we conclude that King did not plead a plausible claim that his constitutional rights were violated. Accordingly, we affirm the judgment of the district court.

I.

In his pro se complaint, King alleged that he was scheduled for a mandatory dental screening at F.C.I. Beckley on May 30, 2007. When he arrived at the dental clinic, he provided his prison identification card to dental staff and received an x-

---

[1] Although King pleaded his claims under 42 U.S.C. § 1983, we, like the district court, construe his allegations as asserting Bivens claims. See 403 U.S. at 389 (permitting damages actions against federal officials for certain constitutional claims); see also Carlson v. Green, 446 U.S. 14 (1980) (extending Bivens to claims brought under the Eighth Amendment).

ray. Thereafter, the dentist approached King with a needle and, in response to King's question, the dentist stated that the use of a needle was routine. King generally alleges that he "tried to inform [staff] that he was only there for a (first time) examination." Nevertheless, King received a filling in a tooth that was previously healthy (the damaged tooth).

King alleged in his complaint that another patient, also with the last name of King, was scheduled to have a filling procedure that day, and the dental staff mistook King for the other patient. The dental staff discovered the error after the procedure was complete.

King suffered ongoing pain in the damaged tooth following the procedure. Although King received treatment for the pain, dental staff at F.C.I. Beckley did not perform a root canal, to which King claims he was entitled.[2]

After pursuing various grievance procedures with the BOP, King filed a pro se complaint in the district court in January 2009. The court dismissed King's complaint according to the mandatory screening procedures for lawsuits filed by prisoners

---

[2] King eventually received a root canal after he was transferred to a new BOP facility in April 2008.

set forth in 28 U.S.C. § 1915A, concluding that the complaint failed to state a claim upon which relief can be granted.[3]

King timely filed a notice of appeal, and is now represented by counsel.

## II.

We review de novo the district court's decision to dismiss King's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A. Slade v. Hampton Rds. Reg'l Jail, 407 F.3d 243, 248 (4th Cir. 2005). We must construe liberally a pro se complaint, "however inartfully pleaded," and accept as true the factual allegations in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); De'lonta v. Johnson, 708 F.3d 520, 522 (4th Cir. 2013).

To state a claim of cruel and unusual punishment under the Eighth Amendment, a prisoner must allege: (1) that the deprivation of a basic human need, as an objective matter, was sufficiently serious; and (2) that, when viewed from a subjective perspective, prison officials acted with a

---

[3] The district court also held that dismissal was warranted because King had not exhausted his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). However, because King has not adequately pleaded a Bivens cause of action, we do not address this alternative basis for the court's order of dismissal.

sufficiently culpable state of mind. See De'lonta, 708 F.3d at 525. To satisfy the subjective component, a prisoner must allege that prison officials acted with "deliberate indifference" to his serious medical need. Id.; Wilson v. Seiter, 501 U.S. 294, 297 (1991). We consider prison officials' culpable mental state because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." Wilson, 501 U.S. at 297 (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)) (internal quotation marks omitted) (emphasis in original).

To constitute deliberate indifference to a serious medical need, "the treatment [a prisoner receives] must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Deliberate indifference requires that a prison official "know[] of and disregard[] an excessive risk to inmate health or safety," that is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). It is well-settled, however, that "mere negligence or malpractice does not violate the [E]ighth [A]mendment." Miltier, 896 F.2d at 852 (citations omitted).

6

A.

We first address King's contention that prison officials acted with deliberate indifference to his serious medical need when they operated on his healthy tooth, without confirming his identity or determining whether he required a filling.[4] King claims that, based on his protests, dental staff were on notice that he was the wrong patient and that they should have investigated further before proceeding with the filling process.

A prison official has displayed deliberate indifference if he "refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist." Farmer, 511 U.S. at 843 n.8; see also Brice v. Va. Beach Corr. Ctr., 58 F.3d 101, 105 (4th Cir. 1995) ("[A] prison official cannot hide behind an excuse that he was unaware of a risk, no matter how obvious."). Thus, "Eighth Amendment liability requires consciousness of a risk" on the part of prison officials. Farmer, 511 U.S. at 840. See also White ex rel. White v. Chambliss, 112 F.3d 731, 737 (4th Cir. 1997) (deliberate indifference "implies at a minimum

---

[4] We assume for purposes of this opinion that King has alleged the existence of a serious medical need sufficient to satisfy the objective component of the Eighth Amendment standard.

that defendants were plainly placed on notice of a danger and chose to ignore the danger notwithstanding the notice").

King argues that he pleaded facts that satisfy the standard set forth in Farmer, namely that: (1) he "tried to inform" dental staff that he was present for an initial dental screening; (2) dental staff did not inquire about his dental problems when he arrived in the clinic; (3) an x-ray was taken before the procedure, from which dental staff apparently failed to ascertain that King did not require a filling; (4) King questioned the dentist about the need for a needle; and (5) King was not given a consent form to sign before the procedure was performed.

We are troubled by the dental staff's failure to take common-sense steps before performing the procedure, such as confirming through visual or x-ray inspection that King in fact required a filling. Such efforts may well have prevented the harm King now asserts. Nevertheless, we cannot conclude that these failures rise to the level of deliberate indifference.

First, the prison dental staff did not entirely abdicate their responsibility to ensure that they provided treatment to the correct patient. The staff apparently attempted to verify King's identity by reviewing his prison identification card when he arrived in the clinic. Moreover, although on appeal King contends that he attempted to notify the staff of his identity

8

"several" times, the allegations in the complaint regarding the extent of his protests are far less clear. King proffers only two allegations that he protested the drilling procedure: (1) when the dentist approached King with a needle, King "asked what [the needle] was for"; and (2) King "tried to inform [the dentist and a dental assistant] that [King] was only there for a (first time) examination."

Moreover, in contrast to King's current contention that he vigorously protested the case of mistaken identity, the allegations in the complaint indicate that King himself was unsure of the mistake until after the procedure was complete. Even construing the complaint liberally in King's favor, we cannot ignore his own assertions that the dental staff should have asked questions alerting King that he was the wrong patient, and that after his tooth was filled and dental staff realized the error, "the mistake was then brought to [King's] attention."

In sum, the facts pleaded in the complaint do not indicate that prison officials "refused to verify underlying facts that [they] strongly suspected to be true," see Farmer, 511 U.S. at 843 n.8, but rather suggest at most that prison officials were

9

negligent in failing to confirm King's identity.[5]  We have explained that "[d]eliberate indifference is a very high standard—a showing of mere negligence will not meet it."  Young v. City of Mt. Ranier, 238 F.3d 567, 575 (4th Cir. 2001) (quoting Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999)).  King must meet this rigorous standard because the Constitution's protection of rights does not provide a remedy for mere errors in judgment, "even though such errors may have unfortunate consequences."  Grayson, 195 F.3d at 695-96.  For these reasons, we conclude that the district court properly dismissed King's claim that prison officials acted with deliberate indifference when they subjected him to an unneeded dental procedure.

### B.

We next turn to consider King's claim that his Eighth Amendment rights were violated when prison officials "refused to alter their diagnosis and course of treatment, despite [King's]

---

[5] We agree with King's argument that the district court should not have focused on King's use of the word "mistake" throughout his complaint to refer to the prison officials' error.  The word "mistake" in this context is a legal conclusion, not a fact that we must assume is true in evaluating whether a plaintiff has stated a claim for relief.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  In light of our duty to construe pro se complaints liberally, we disagree with the district court's conclusion that, through this word choice, King intended to allege negligence rather than deliberate indifference.  Thus, we do not consider King's use of the word "mistake" in analyzing the sufficiency of his complaint.

complaints of continued pain" following the erroneous drilling procedure. King urges that, although he received some treatment for the damaged tooth, including pain medication and antibiotics, prison officials still acted with deliberate indifference by failing to perform a root canal. We disagree with King's argument.

A prisoner can establish a claim of deliberate indifference "by a showing of grossly inadequate care as well as by a decision to take an easier but less efficacious course of treatment." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). This standard can be satisfied "when the need for treatment is obvious" yet prison officials merely provide "medical care which is so cursory as to amount to no treatment at all." Id. We thus have explained that when a prisoner is provided "some treatment" appropriate for his condition, this fact does not necessarily satisfy the Eighth Amendment's requirement of "constitutionally adequate treatment." De'lonta, 708 F.3d at 526 (emphasis in original). Nevertheless, prisoners do not have a constitutional right "to the treatment of his or her choice," id., and "[m]ere disagreement as to the proper medical treatment" does not constitute deliberate indifference. Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). Accordingly, we must evaluate whether the treatment King received in advance of his root canal was so "grossly

11

inadequate" that it amounted to cruel and unusual punishment under the Eighth Amendment.

Following the erroneous drilling procedure, King repeatedly complained of pain and was evaluated by prison dental staff nine times over a period of almost six months. During those visits, he received several x-rays, which showed no problems with the damaged tooth but decay in a neighboring tooth, for which King declined treatment. Also in response to King's reports of pain, dental staff adjusted his occlusion, and provided numerous prescriptions for pain medication as well as antibiotics. When King continued to experience pain, dental staff offered to extract the damaged tooth, which offer King refused. King ultimately received a root canal on the damaged tooth after he arrived at a new BOP facility. Upon a careful review of the allegations in King's complaint, as well as his arguments on appeal, we conclude that these allegations do not state a claim for deliberate indifference.

In arguing that the treatment he received at F.C.I. Beckley was constitutionally inadequate, King relies largely on his contention that he eventually received an "urgent" root canal on the damaged tooth. Even assuming that a root canal was a proper treatment for his condition and was required at the time of his transfer in April 2008, these facts alone do not state a claim of deliberate indifference. The complaint contains no factual

12

allegations indicating that the root canal was in fact "urgently" required or that the procedure was performed on an emergency basis. More importantly, the fact that King eventually received a root canal does not raise a plausible inference that the care he already had received between June and October 2007 at F.C.I. Beckley, including the pain medication, antibiotics, and an occlusion adjustment, was improper as initial treatment for tooth pain, much less that prison officials acted with deliberate indifference to his medical needs in providing this series of treatments. Compare Loe v. Armistead, 582 F.2d 1291, 1292-93 (4th Cir. 1978) (a prisoner's "obvious[ly]" broken arm was not examined by a jail physician until eleven hours after the injury occurred, and the prisoner was transferred to a hospital almost a full day later, despite his repeated requests for medical care); McElligott, 182 F.3d 1257-58 (medical staff failed to investigate the cause of extreme gastrointestinal symptoms stemming from undiagnosed terminal colon cancer).

Instead, King's complaint alleges that, in response to his continued reports of pain, prison dental staff evaluated King on numerous occasions over several months, and attempted multiple diagnostic and treatment options, including x-rays that revealed no problems with the damaged tooth. Although these efforts were not ultimately successful, we cannot conclude that the

13

allegations in the complaint show more than the dental staff's mere negligent attention to King's need for a root canal.[6] Accordingly, we hold that the treatment King received for his damaged tooth was not so egregiously deficient as to constitute cruel and unusual punishment under the Eighth Amendment.[7]

## III.

We are not unsympathetic to King's plight. He was the victim of an unfortunate case of mistaken identity that resulted in ongoing pain. Nevertheless, relief under the Eighth Amendment is reserved for cases of cruel and unusual punishment, that is, egregious conduct by prison officials reflecting the "unnecessary and wanton infliction of pain." Wilson, 501 U.S.

---

[6] In De'lonta, in which we held that an inmate had adequately alleged a claim of deliberate indifference, the prison flatly refused to provide the inmate with a surgical procedure that was the single remaining, approved treatment for her documented "debilitating" condition, "despite her repeated complaints to [prison officials] alerting them to the persistence of her symptoms and the inefficacy of her existing treatment." 708 F.3d at 525. Here, by contrast, prison officials utilized a variety of diagnostic tests and treatments in response to King's complaints, and King ultimately received the root canal procedure.

[7] In his complaint, King also alleged that a prison mental health counselor acted with deliberate indifference by failing to provide King mental health services following the erroneous dental procedure. Because King has not briefed the dismissal of this claim, but merely references it in a cursory fashion in his opening brief, we do not consider this claim on appeal. See United States v. Holness, 706 F.3d 579, 592 (4th Cir. 2013).

14

at 297 (emphasis omitted).  This level of culpability is not present here.  Accordingly, we affirm the judgment of the district court.

<u>AFFIRMED</u>

GREGORY, Circuit Judge, dissenting:

The majority correctly states the high threshold for an Eighth Amendment claim of deliberate indifference. I concur in the judgment holding that King failed to state a claim regarding the course of treatment after his dental visit. However, because the facts as pled by King pertaining to the unnecessary dental procedure meet the high threshold for deliberate indifference, I respectfully dissent from Part II(A).

I.

As the majority explains, "[a] prison official has displayed deliberate indifference if 'he refused to verify underlying facts that he strongly suspected to exist.'" Ante 7 (quoting Farmer v. Brennan, 511 U.S. 825, 843 n.8 (1994)). A deliberate indifference claim "need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer, 511 U.S. at 842.

King's statement that he was only present for a first-time examination was unequivocal. There is no basis for filling a tooth without first diagnosing decay. As such, King's statement that he was only present for a first-time examination was tantamount to a statement that he was not there for a filling.

16

The dentist's choice not to verify the purpose of King's visit, and his persistence in completing the drilling despite King's protest is plausible deliberate indifference.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007).  The dentist was on notice of a fundamental underlying fact establishing that he was about to commit an extreme error in treatment.

The majority finds that Defendants were not deliberately indifferent, in part, because the staff members did not entirely "abdicate their responsibility" to verify King's identity.  Ante 8.  They did in fact ask upon arrival for his identification card.  However, it is apparent the staff did not verify King's identity.  Also, King protested after he handed over his identification card and while seated in the dental chair.  See Giroux v. Somerset, 178 F.3d 28, 34 (1st Cir. 1999) (prison official's abdication of responsibility after being placed on notice of risk to prisoner can rise to the level of deliberate indifference).  No confirmation took place at the critical point when it mattered most that Defendants verify the purpose for King's visit and his identity.

Moreover, abdication of responsibility is not the only means of establishing deliberate indifference.  There can be deliberate indifference when the defendant refuses to verify underlying facts upon a strong suspicion of error.  Farmer, 511

17

U.S. at 843 n.8. That is the claim here. King plausibly alleges Defendants chose not to verify his identity and purpose for his visit even after his warning to the dentist that he had not been diagnosed with any decay that needed treatment.

The majority also points out that King only protested the drilling twice, implying that this was not enough to put Defendants on notice of the impending error. Ante 9. However, the communication's "content and manner of transmission" to Defendants, not quantity, are essential to a determination of the sufficiency of notice regarding the risk of harm. See Vance v. Peters, 97 F.3d 987, 993 (7th Cir. 1996). King stated directly to the staff that he was there for a first-time examination, making clear the purpose of his visit and providing sufficient notice that any other treatment could be harmful.

Likewise, the majority points out that even King was unaware that another inmate named King was coming into the dental office until after the erroneous filling was complete. Ante 9. This does not diminish the sufficiency of his complaint. Although King did not know of the other inmate, he was clearly aware of the purpose of his visit. The fact that he did not know about the other inmate does not change the fact that he adequately protested the drilling.

What makes the dentist's alleged actions blameworthy is his "persistent conduct in the face of . . . [the] risk of []

18

injury." See White v. Napoleon, 896 F.2d 103 (3d Cir. 1990) (prisoner stated claim for deliberate indifference where prison doctor continued to use medication despite being told by the plaintiff that it had caused him injury); see also Mutcheler v. SCI Albion CHCA Health Care, 445 F. App'x 617 (3d Cir. 2011) (unpublished) (prisoner stated claim for deliberate indifference where prison official continued to use latex catheter despite being told by plaintiff about his allergy and a medical record reflected allergic reaction history). The dentist's actions were not "mere errors in judgment." Ante 10. At this stage, there are sufficient facts to conclude the dentist was aware of the risk of filling a healthy tooth. See Coleman v. Rahija, 114 F.3d 778, 786 (8th Cir. 1997) ("The factual determination that a prison official had the requisite knowledge of substantial risk may be inferred from circumstantial evidence or from the very fact that the risk was obvious." (citing Farmer, 511 U.S. at 842)). The risk was obvious here. Without assessing whether the tooth was healthy, King's question about the purpose of the needle and his statement that he was only present for a first-time examination are sufficient facts to make the dentist aware of the risk posed.

King's complaint does not lower the high standard for a deliberate indifference claim and open the flood gates to pleadings that would not rise to a constitutional violation.

19

This is a rare situation where King alleges his warning was ignored which resulted in his injury.  The fate of this case if it were to go to trial is unknown.  "Of course, the prisoner[] may have insufficient evidence to show the [dentist] intended to inflict pain or was deliberately indifferent to [his] needs.  The [dentist] may come forward with evidence to the contrary." White, 897 F.2d at 109.  However at this stage, all we are to determine is whether King has made a sufficient showing in the complaint to survive dismissal for failure to state a claim. Id.  Because King met his burden, I respectfully dissent.