GREGORY, Circuit Judge,
dissenting:
The majority correctly states the high threshold for an Eighth Amendment claim of deliberate indifference. I concur in the judgment holding that King failed to state a claim regarding the course of treatment after his dental visit. However, because the facts as pled by King pertaining to the unnecessary dental procedure meet the high threshold for deliberate indifference, I respectfully dissent from Part 11(A).
I.
As the majority explains, “[a] prison official has displayed deliberate indifference if ‘he refused to verify underlying facts that he strongly suspected to exist.’ ” Ante 361 (quoting Farmer v. Brennan, 511 U.S. 825, 843 n. 8, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). A deliberate indifference claim “need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.” Farmer, 511 U.S. at 842, 114 S.Ct. 1970.
King’s statement that he was only present for a first-time examination was unequivocal. There is no basis for filling a tooth without first diagnosing decay. As such, King’s statement that he was only present for a first-time examination was tantamount to a statement that he was not there for a filling. The dentist’s choice not to verify the purpose of King’s visit, and his persistence in completing the drilling despite King’s protest is plausible deliberate indifference. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The dentist was on notice of a fundamental underlying fact establishing that he was about to commit an extreme error in treatment.
The majority finds that Defendants were not deliberately indifferent, in part, because the staff members did not entirely *365 “abdicate their responsibility” to verify King’s identity. Ante 361. They did in fact ask upon arrival for his identification card. However, it is apparent the staff did not verify King’s identity. Also, King protested after he handed over his identification card and while seated in the dental chair. See Giroux v. Somerset, 178 F.3d 28, 34 (1st Cir.1999) (prison official’s abdication of responsibility after being placed on notice of risk to prisoner can rise to the level of deliberate indifference). No confirmation took place at the critical point when it mattered most that Defendants verify the purpose for King’s visit and his identity.
Moreover, abdication of responsibility is not the only means of establishing deliberate indifference. There can be deliberate indifference when the defendant refuses to verify underlying facts upon a strong suspicion of error. Farmer, 511 U.S. at 843 n. 8, 114 S.Ct. 1970. That is the claim here. King plausibly alleges Defendants chose not to verify his identity and purpose for his visit even after his warning to the dentist that he had not been diagnosed with any decay that needed treatment.
The majority also points out that King only protested the drilling twice, implying that this was not enough to put Defendants on notice of the impending error. Ante 362. However, the communication’s “content and manner of transmission” to Defendants, not quantity, are essential to a determination of the sufficiency of notice regarding the risk of harm. See Vance v. Peters, 97 F.3d 987, 993 (7th Cir.1996). King stated directly to the staff that he was there for a first-time examination, making clear the purpose of his visit and providing sufficient notice that any other treatment could be harmful.
Likewise, the majority points out that even King was unaware that another inmate named King was coming into the dental office until after the erroneous filling was complete. Ante 362. This does not diminish the sufficiency of his complaint. Although King did not know of the other inmate, he was clearly aware of the purpose of his visit. The fact that he did not know about the other inmate does not change the fact that he adequately protested the drilling.
What makes the dentist’s alleged actions blameworthy is his “persistent conduct in the face of ... [the] risk of [ ] injury.” See White v. Napoleon, 897 F.2d 103 (3d Cir.1990) (prisoner stated claim for deliberate indifference where prison doctor continued to use medication despite being told by the plaintiff that it had caused him injury); see also Mutschler v. SCI Albion CHCA Health Care, 445 Fed.Appx. 617 (3d Cir.2011) (unpublished) (prisoner stated claim for deliberate indifference where prison official continued to use latex catheter despite being told by plaintiff about his allergy and a medical record reflected allergic reaction history). The dentist’s actions were not “mere errors in judgment.” Ante 362. At this stage, there are sufficient facts to conclude the dentist was aware of the risk of filling a healthy tooth. See Coleman v. Rahija, 114 F.3d 778, 786 (8th Cir.1997) (“The factual determination that a prison official had the requisite knowledge of substantial risk may be inferred from circumstantial evidence or from the very fact that the risk was obvious.” (citing Farmer, 511 U.S. at 842, 114 S.Ct. 1970)). The risk was obvious here. Without assessing whether the tooth was healthy, King’s question about the purpose of the needle and his statement that he was only present for a first-time examination are sufficient facts to make the dentist aware of the risk posed.
King’s complaint does not lower the high standard for a deliberate indifference claim and open the flood gates to pleadings *366 that would not rise to a constitutional violation. This is a rare situation where King alleges his warning was ignored which resulted in his injury. The fate of this case if it were to go to trial is unknown. “Of course, the prisoner[ ] may have insufficient evidence to show the [dentist] intended to inflict pain or was deliberately indifferent to [his] needs. The [dentist] may come forward with evidence to the contrary.” White, 897 F.2d at 109. However at this stage, all we are to determine is whether King has made a sufficient showing in the complaint to survive dismissal for failure to state a claim. Id. Because King met his burden, I respectfully dissent.